JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hall, Paul

**DEFENDANTS**
Allied Construction Services, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bowman & Partners, LLP
1905 Spruce Street, Philadelphia, PA 19103
215.391.4300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.

Brief description of cause:
Racial discrimination

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
09/05/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL HALL**<br>6412 Clearview Street<br>Philadelphia PA 19119 | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | |
| | : | |
| **ALLIED CONSTRUCTION** | : | |
| **SERVICES, INC.** | : | |
| 240 New York Drive, Suite 1 | : | |
| Fort Washington, PA 19034 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Paul Hall, by and through his undersigned counsel, files this Complaint and hereby avers as follows:

### I.      INTRODUCTION

1.      This is a civil action seeking compensatory, punitive and non-pecuniary damages based on race discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

### II.      PARTIES

2.      Plaintiff, Paul Hall (hereinafter referred to as "Plaintiff"), is a male African-American adult individual who resides at 6412 Clearview Street, Philadelphia, PA 19119.

3.      Plaintiff is an employee of Allied Construction Services, Inc.

4.      Upon information and belief, Defendant, Allied Construction Services, Inc. (hereinafter referred to as "Defendant"), is a Pennsylvania corporation with its business headquarters located at 240 New York Drive, Suite 1, Fort Washington, PA 19034.

### III.   JURISDICTION

5.      This court has original jurisdiction of all civil actions arising under the Constitution, law, or treatises of the United States pursuant to 28 U.S.C. §§ 1331 and 1391

6.      This action has been instituted within ninety (90) days of Plaintiff's receipt of the July 16, 2014 Equal Employment Opportunity Commission's (EEOC) Dismissal Notice and Right to Sue Letters regarding his timely-filed charges of employment discrimination and harassment against Defendant which are attached hereto as Exhibit A.  (See Exhibit A).

### IV.   VENUE

7.      Venue if properly laid in the Eastern Disctrict of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) because Defendant is located in and regularly conducts business in this judicial district, and because the overwhelmingly majority of relevant facts took place in this judicial district.

### V.   FACTS AND AVERMENTS GIVING RISE TO THE ACTION

8.      Plaintiff became an employee of Defendant in August 2012.

9.      Plaintiff is employed as a Laborer by Defendant.

10.      Defendant hired an individual, Mr. Staab, race, white, although he had a history of racism and discrimination in the workplace.

11.      On or about May 9, 2013 Plaintiff was working at Defendant's headquarters loading a truck with equipment to be used at another job site.

12.      On or about May 9, 2013, after initially loading the truck with necessary equipment, Plaintiff entered Defendant's facilities to obtain a drink of water.

13.      On or about May 9, 2013, Plaintiff returned to the truck where he saw Defendant's employee, Jim Staab, race, white, attempting to tie down the equipment with straps.

14.     As the Plaintiff approached the truck and waited for Mr. Staab to hand him a strap to tie down part of the equipment, Mr. Staab picked up a rope from his truck in the form of a hangman's noose and placed it around Plaintiff's neck.

15.     Placing the noose around Plaintiff's neck, Mr. Staab commented and asked Plaintiff, "What do you think about that?"

16.     At no time relevant to this matter was the use of a hangman's noose necessary to secure the equipment on the truck.

17.     At no time should a hangman's noose be used to secure such equipment on a truck.

18.     Mr. Staab then made comments to Plaintiff and his African American colleague, Salahudin Thompson, asking "why do you blacks always get upset over a noose?" and "it's only a rope."

19.     Further, Mr. Staab had been pulled over by police previously for having such a hangman's noose hanging on his truck.

20.     At no time relevant to this matter did Defendant take the appropriate steps to prevent such unlawful harassment and discrimination.

21.     At no time relevant to this matter has Defendant taken any action towards Mr. Staab for his racist behavior and harassment or to correct Mr. Staab's harassment.

**COUNT I**

**TITLE VII- RACE DISCRIMINATION**

22.     Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

23.     Title VII of the Civil Rights Act or 1964, the Pennsylvania Human Relations Act, and the regulations promulgated thereafter make it an unlawful employment practice for an

employer to discriminate against an individual with respect to the terms and conditions or privileges of employment on the basis of race.

24.    Defendant is an employer within the meaning of the above-referenced statutes.

25.    Defendants intentionally discriminated against Plaintiff through their conduct, which includes, but is not limited to, the above-described.

26.    Plaintiff is a member of a protected class as he is an African American

27.    Defendant's employee harassed Plaintiff because of his status as an African American and subjected Plaintiff to unlawful discrimination.

28.    Plaintiff was treated differently and less favorably than white employees.

29.    Such harassment and discrimination was unwelcomed by and offensive to Plaintiff.

30.    The harassment was severe and pervasive because of the intensely offensive and inconsiderate nature of Mr. Staab's conduct with regard to the noose.

31.    At no time relevant to this matter did Defendant take the appropriate steps to prevent such unlawful harassment and discrimination.

32.    At no time relevant to this matter has Defendant taken any action towards Mr. Staab for his racist behavior and harassment or to correct Mr. Staab's harassment.

33.    As a direct and proximate result of Defendant and their employee's discriminatory conduct, Plaintiff has suffered emotional injuries, including, but not mimited to, past and present pain and suffering, anxiety and humiliation.

WHEREFORE, Plaintiff Paul Hall, by and through his undersigned counsel demands judgment in his favor and against Defendant and an award of the following:

a.  Compensatory damages, consequential damages and punitive damages;

b.  Non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

c.  Attorney's fees and costs; and

d.  Any other relief this Honorable Court deems appropriate under the circumstances.

Respectfully submitted,

## JURY DEMAND

Plaintiff Paul Hall hereby demands trial by jury.

**BOWMAN & PARTNERS, LLP**

Dated:  September 5, 2014

By: /s/Michael A. Bowman
**MICHAEL A. BOWMAN**
PA Identification No.: 81762
1905 Spruce Street
Philadelphia, PA  19103
215-391-4300 phone
215-391-4350 facsimile

# Exhibit

# A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Paul Hall<br>6412 Clearview Street<br>Philadelphia, PA 19119 | From:  Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2013-61169** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

7/16/14
*(Date Mailed)*

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

cc:   ALLIED CONSTRUCTION COMPANY

Jordan D. Cunningham, Esq.
Cunningham and Chernicoff, P.C
2320 North Second Street
Harrisburg, PA 17110

Michael A. Bowman Esq.
BOWMAN & PARTNERS, LLP
1600 Market St. , 25th Floor
Philadelphia, PA 19103

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __6412 Clearview Street, Philadelphia, PA 19119__

Address of Defendant: __240 New York Drive, Suite 1, Fort Washington, PA 19034__

Place of Accident, Incident or Transaction: __Pennsylvania__

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

---

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Michael A. Bowman__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __09/05/2014__   _____   __81762__
　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/05/2014__   _____   __81762__
　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Paul Hall                                    :          CIVIL ACTION
                                             :
                    v.                       :
                                             :
Allied Construction Services, Inc.:          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )


| 09/05/2014 | Michael A. Bowman | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.391.4300 | 215.391.4350 | mbowman@bowmanltd.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Paul Hall                                    :
                                             :
              V.                             :         Civil Action
                                             :         No: _____
Allied Construction Services, Inc.           :

### DISCLOSURE STATEMENT FORM

Please check one box:

❑         The nongovernmental corporate party, _____
          , in the above listed civil action does not have any parent corporation and
          publicly held corporation that owns 10% or more of its stock.

❑         The nongovernmental corporate party, _____
          , in the above listed civil action has the following parent corporation(s) and
          publicly held corporation(s) that owns 10% or more of its stock:

          _____
          _____
          _____
          _____

09/05/2014                              _____
   Date                                          Signature

              Counsel for:   Plaintiff_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)    identifies any parent corporation and any publicly held corporation
                    owning10% or more of its stock;  or

            (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)    file the disclosure statement with its first appearance, pleading,
                    petition, motion, response, or other request addressed to the court;
                    and
            (2)    promptly file a supplemental statement if any required information
                    changes.

**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

USA          :  Criminal Action
            :
v.           :
            :
            :  No.

## DISCLOSURE STATEMENT FORM

Please check one box:

❑  The nongovernmental corporate party, _____, in
   the above listed criminal action does not have any parent corporation and
   publicly held corporation that owns 10% or more of its stock.

❑  The nongovernmental corporate party, _____, in
   the above listed criminal action has the following parent corporation(s)
   and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

<u>09/05/2014</u>          _____
Date             Signature

        Counsel for: <u>Plaintiff</u>_____

**Federal Rule of Criminal Procedure 12.4 Disclosure Statement**
 (a) WHO MUST FILE.
   (1) NONGOVERNMENTAL CORPORATE PARTY.  Any nongovernmental
     corporate party to a proceeding in a district court must file a statement
     that identifies any parent corporation and any publicly held corporation
     that owns 10% or more of its stock or states that there is no such
     corporation.
   (2) ORGANIZATIONAL VICTIM.  If an organization is a victim of the alleged
     criminal activity, the government must file a statement identifying the
     victim.  If the organizational victim is a corporation, the statement must
     also disclose the information required by Rule 12.4(a)(1) to the extent
     that it can be obtained through due diligence.
 (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
   (1) file the Rule 12.4(a) statement upon the defendant's initial appearance;
     and
   (2) promptly file a supplemental statement upon any change in the
     information that the statement requires.