# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL HALL,<br>    Plaintiff,<br><br>           v.<br><br>ALLIED CONSTRUCTION SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 14-5802 |

## MEMORANDUM

YOHN, J.                                                                                                           April 14, 2015

      This is a Title VII race discrimination case.  Paul Hall, a black man, has sued Allied Construction Services, Inc., alleging that one of its white employees placed a noose around his neck while they were working together at Allied's headquarters.  Allied claims that Hall was not its "employee"—which is a requirement under Title VII—and has thus moved to dismiss his complaint under Fed. R. Civ. P. 12(b)(1) based on a lack of subject matter jurisdiction.  But Title VII's "employee" requirement is an element of Hall's claim for relief, not a jurisdictional prerequisite, and Hall has pleaded facts in his complaint sufficient to state a plausible claim for relief that an employment relationship existed between him and Allied, thus surviving a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  For these reasons, I will deny Allied's motion.

**I.     Brief Background**[1]

In May 2013, Hall was employed as a "Laborer" by Rosati Mechanical, Inc. At that time, Rosati was working on a project in which Allied was the general contractor. As general contractor of the project, Allied had hired Townes Mechanical Contracting, Inc. as a sub-contractor, and Townes in turn had hired Rosati as its own sub-contractor on the project. In short, Hall was an employee of Rosati—a sub-contractor of Allied's sub-contractor Townes.

On May 9, 2013, Hall, at Allied's direction, traveled in an Allied truck to its headquarters with Jim Staab, a white Allied employee. Once there, they loaded a truck with Allied equipment that was needed at another job site. After they finished, Hall ducked inside for some water. When he returned, Staab was strapping the equipment to the truck. As Hall waited for Staab to pass him a strap, Staab formed a noose with a rope from inside the truck and dropped it around Hall's neck, asking him, "What do you think about that?" He then asked Hall and his black colleague, "Why do you blacks always get upset over a noose?" "[I]t's only a rope," Staab said.

Hall sued Allied in October 2014. In his second amended complaint (complaint), he asserted race discrimination claims under Title VII and the Pennsylvania Human Relations Act (PHRA). On January 7, 2015, Allied moved under Fed. R. Civ. P. 12(b)(1) to dismiss this complaint based on a lack of subject matter jurisdiction. It argues that Hall cannot bring his Title VII claim because Title VII protects only "employees," and Hall is not its employee. Allied thus contends that this court lacks subject matter jurisdiction over his Title VII claim.

---

[1] I draw this background information from Hall's complaint only. Allied has submitted evidence from outside of the pleadings in support of its Rule 12(b)(1) motion, but I could consider such evidence only if Title VII's "employee" requirement were in fact a jurisdictional prerequisite and this were a proper Rule 12(b)(1) motion. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."). But because this requirement is not jurisdictional and this motion is thus not a proper Rule 12(b)(1) motion, I will construe it as a Rule 12(b)(6) motion and look only to the allegations in the complaint.

**II.     Discussion**

Allied brings this Rule 12(b)(1) motion based on a false premise: that Title VII's "employee" requirement is jurisdictional. This requirement "is an element of [Hall's] claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).

In deciding whether a statutory requirement is jurisdictional, the Court has instructed lower courts to examine whether Congress has clearly labeled it as such. Indeed, when confronted with this issue, lower courts must apply this "readily administrable bright line" rule:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* (internal citation omitted).

The Court announced this rule in *Arbaugh*, a case in which it held that whether a defendant qualified as an "employer" under Title VII was a merits issue, not a jurisdictional one. Under Title VII, the term "employer" is defined in a section headed "Definitions" as "a person engaged in an industry affecting commerce who has fifteen or more employees [for a certain period of time over the year]." 42 U.S.C. § 2000e(b). Because this definition "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," the Court, applying its rule, held that it "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh*, 546 U.S. at 515–16 (citation omitted).

Given *Arbaugh* and its rule, I conclude that Title VII's "employee" requirement is also an element of a Title VII claim, not a jurisdictional issue. Like "employer," the term "employee" lives within Title VII's "Definitions" section and, with certain exceptions not applicable here, is defined as "an individual employed by an employer." § 2000e(f). Nowhere in this definition did

3

Congress "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 515 (citation omitted).  As a result, "whether [Hall] is an 'employee' under Title VII is not an issue of subject matter jurisdiction." *Gupta v. First Judicial Dist. of Pa.*, 759 F. Supp. 2d 564, 568 (E.D. Pa. 2010); *see also, e.g.*, *Xie v. Univ. of Utah*, 243 F. App'x 367, 371–72 (10th Cir. 2007) (nonprecedential) (holding that Title VII's "employee" requirement is not jurisdictional).

Allied's Rule 12(b)(1) motion therefore must fail.  This court has jurisdiction over Hall's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII.

In addition, if I construe this motion under Rule 12(b)(6), Hall has pleaded facts (which I must accept as true at this stage) that allege that Allied employed him in some capacity.  He alleges that "on or about May 9, 2013 [Allied] possessed such control and direction of [his] job duties to create an employer/employee relationship for the work performed."  Compl. ¶ 11.  Specifically, he avers that "[he], at the direction of [Allied], traveled with another employee of [Allied], in a vehicle owned and operated by [Allied] and/or one of its employees or agents, to [Allied's] headquarters."  *Id.* ¶ 12.  He then pleads that, "after travelling in [Allied's] vehicle, [he] worked on [Allied's] property, at their headquarters loading a truck with [Allied's] equipment to be used at another job site."  *Id.* ¶ 13.  According to Hall, Allied, through these actions, "created an employer/employee relationship, such to be liable under Title VII [and the PHRA]."  *Id.* ¶¶ 27, 40.  These allegations are sufficient to state a plausible claim that an employment relationship existed between Hall and Allied and thus survive a Rule 12(b)(6) motion to dismiss.

As a result, Allied and Hall may conduct discovery on the issue of whether an employment relationship existed between them, and Allied may move for summary judgment on this issue following discovery. I recognize that the parties have already produced some discovery, but, in this next discovery phase, they should proceed mindful of the principle that "the precise contours of an employment relationship can only be established by a careful factual inquiry." *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992).[2]

      An appropriate order follows.

---

[2] Allied also argues that Hall's PHRA claim fails because he is not its employee. My conclusion on whether Hall is an Allied employee under Title VII will likewise apply to whether he is an Allied employee under the PHRA. *See Hull v. Rose, Schmidt, Hasley & DiSalle P.C.*, 700 A.2d 996, 1000 (Pa. Super. Ct. 1997) (stating that the PHRA's definition of employee should be interpreted in light of Title VII case law).